IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

                Petitioner,

   vs.

PAROLE OFFICER MELODY SMITH;
BOARD OF PAROLE HEARINGS
CHAIRMAN JAMES DAVIS,

                Respondents.

                             /

No. C 12-05258 YGR (PR)

**ORDER TO SHOW CAUSE**

Petitioner, who is on parole, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the $5.00 filing fee.  It does not appear from the face of the petition that it is without merit.  Good cause appearing, the Court hereby issues the following orders:

1.      The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondents[1] and Respondents' attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

2.      Respondents shall file with this Court and serve upon Petitioner, within **one-hundred and nineteen (119) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondents shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.      If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondents within **sixty-three (63) days** of his receipt of the Answer.

---

[1] Petitioner has named various Respondents in this action.  Where the petitioner is on probation or parole, he may name as Respondents his probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Rule 2(b) advisory committee's note.  Therefore, the Court will order only Melody Smith, Petitioner's parole officer, as well as James Davis, Chairman of the Board of Parole Hearings, to respond.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty-**

2   **three (63) days** after the date Petitioner is served with Respondents' Answer.

3       4.    Respondents may file with this Court and serve upon Petitioner, within **sixty-three**

4   **(63) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an

5   Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

6   2254 Cases.  If Respondents file such a motion, Petitioner shall file with the Court and serve on

7   Respondents an opposition or statement of non-opposition to the motion within **sixty-three (63)**

8   **days** of receipt of the motion, and Respondents shall file with the Court and serve on Petitioner a

9   reply within **fourteen (14) days** of receipt of any opposition.

10      5.    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court

11  and Respondents informed of any change of address and must comply with the Court's orders in a

12  timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose

13  address changes while an action is pending must promptly file a notice of change of address

14  specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint

15  when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not

16  deliverable, and (2) the Court fails to receive within sixty days of this return a written

17  communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b); *see also*

18  *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

19      Petitioner must also serve on Respondents' counsel all communications with the Court by

20  mailing a true copy of the document to Respondents' counsel.

21      6.    Extensions of time are not favored, though reasonable extensions will be granted.

22  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

23  deadline sought to be extended.

24      IT IS SO ORDERED.

25  DATED:    February 12, 2013

    **YVONNE GONZALEZ ROGERS**
    **UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\HC.12\Turner5258.OSC(paroleCOND).frm    2