IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN B. TURNER,<br><br>    Petitioner,<br><br>v.<br><br>JEFFREY BEARD, Secretary of California Department of Corrections and Rehabilitation,<br><br>    Respondent. | No. C 12-5258 YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION; AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket Nos. 5, 7, 9) |

## INTRODUCTION

Petitioner Stephen B. Turner, a former inmate who is currently serving a term of parole following his release from prison on January 5, 2010, filed a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's[1] motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d), the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an unopposed motion to withdraw the second claim asserted in his petition, which the Court GRANTS. Petitioner has also filed an unopposed motion for a ruling on his petition, which the Court also GRANTS.

For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

## BACKGROUND

On January 4, 2010, Petitioner was released from prison and placed on parole. One of the conditions of his parole prohibited him from possessing or viewing pornography. On May 13, 2011,

---

[1] The individuals previously named as Respondents are no longer available and the position of Chairman of the Board of Parole Hearings is vacant. Therefore, the Court substitutes Petitioner's current custodian, Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation, as Respondent. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (habeas petitioner must name state officer having custody of him as respondent or federal court will be deprived of personal jurisdiction); 28 foll. U.S.C. § 2254 Rule 2(a) (same).

after Petitioner was found to have downloaded pornography onto his computer, a special parole condition was imposed prohibiting him from accessing the Internet. In this habeas petition, Petitioner challenges this special condition as violating his constitutional rights.

Petitioner did not administratively challenge the special parole condition. He filed a state habeas petition on September 22, 2011. Ex. 2, *In re Stephen Turner*, No. 162568 (Ala. Co. Sup. Ct. Oct. 17, 2011) (Order Denying Petition for Writ of Habeas Corpus). The Alameda County Superior Court denied the petition on October 17, 2011. Id. On October 26, 2011, Petitioner filed a petition for a writ of mandamus in the California Court of Appeal. Ex. 3. This petition was denied on November 8, 2011. Ex. 4. On November 15, 2011, Petitioner filed a petition in the California Supreme Court, which was denied on November 30, 2011. Exs. 5 and 6.

Petitioner filed a federal petition for a writ of habeas corpus on December 5, 2011. Ex. 7, Case No. C 11-5828 YGR (PR). Respondent moved to dismiss the petition on several grounds, including failure to exhaust administrative remedies because Petitioner had not alerted the state courts that his claims were based on the United States Constitution or federal law. On September 14, 2012, finding that none of Petitioner's claims were exhausted, the Court dismissed the petition without prejudice. Ex. 8. On September 24, 2012, Petitioner returned to the California Supreme Court to exhaust state court remedies. Ex. 9. He filed the instant federal petition on October 11, 2012.

**DISCUSSION**

AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been

discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

Although the statute of limitations period has four possible starting dates, § 2244(d)(1)(D) usually applies to prisoners challenging administrative decisions, such as the imposition of Petitioner's special parole condition. Under § 2244(d)(1)(D), the limitations period runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Where there has been an administrative appeal, the one-year limitations period begins to run on the date the administrative decision becomes final. *See Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004) (limitations period began to run the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision).

The special parole condition at issue was imposed on May 13, 2011. Petitioner did not administratively appeal this condition. Because Petitioner became aware of the factual predicate of his claim on the date the special condition was imposed, the one-year statute of limitations began to run on May 14, 2011, the day after its imposition. To meet the one-year statutory deadline, the federal habeas petition had to be filed by May 14, 2012. This petition was filed on October 11, 2012. Therefore, unless tolling applies, this petition is untimely.

## I.     **Statutory Tolling**

AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending." *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), *abrogated on other grounds by Pace v. DiGuglielmo,* 544 U.S. 408 (2005).

Petitioner filed his initial state petition on September 22, 2011, which is 132 days after the statute of limitations began to run. The filing of this state petition began a period of statutory tolling under § 2244(d)(2), which continued until November 30, 2011, the date the California Supreme Court denied the petition he had filed on November 15, 2011.

Petitioner's first federal petition was filed on December 5, 2011 and was dismissed without

3

prejudice on September 14, 2012. The statute of limitations was not tolled under § 2244(d)(2) during the time the petition was pending in federal court. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (an application for federal habeas review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)); *Jiminez v. Rice*, 276 F.3d 478, 482-83 (9th Cir. 2001) (pending federal habeas petition does not toll AEDPA limitations period).

After this Court dismissed the federal habeas petition, Petitioner filed a second habeas petition in the California Supreme Court on September 24, 2012. This was 299 days after the California Supreme Court denied his first petition. Petitioner is not entitled to statutory tolling of the 299 days between his state supreme court petitions because his second petition was not properly filed within the meaning of § 2244(d)(2). *See e.g. Evans v. Chavis*, 546 U.S. 189, 201 (2006) (unexplained delay of six months before filing petition in California Supreme Court does not qualify for statutory tolling under § 2244(d)(2) because it is much longer than the thirty to sixty day periods most states provide for filing appeals of petitions to state supreme court); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (101 and 115 days between state habeas petitions not entitled to statutory tolling).

The untolled time–132 days from the day the statute began to run to the filing of the first state petition, plus 299 days from the day the California Supreme Court denied the first petition to the filing of the second petition--equals 431 days, well over the 365-day statute of limitations. Therefore, unless equitable tolling applies, the petition is barred as untimely.

## II.     **Equitable Tolling**

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 646-49 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. *Id.* The

4

prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 560 U.S. at 649 (citation omitted); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Id.* at 1066.

Petitioner argues that the time during which his first federal petition was pending in this Court is equitably tolled because, "through no fault of his own, it took nearly a year for this Court to notify [him] that he was required to fairly present his federal claims to the California Supreme Court. Consequently, [Petitioner] should not be penalized for the delay simply because the U.S. District Courts are backlogged." Opp'n at 3. However, as discussed below, the time the first federal habeas petition was pending in this Court is not equitably tolled.

First, Petitioner's argument that this Court had a duty to notify him that he was required to fairly present his claims to the state courts is without merit. It is not a district court's responsibility to act as counsel and advise a petitioner on proper exhaustion procedures. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (district judges have no duty to act as counsel to *pro se* litigants). Proper exhaustion of state court remedies has been required since 1996, when AEDPA was enacted. *See* 28 U.S.C. § 2254(b)(1)(A). Ignorance of the law, by itself, does not justify equitable tolling. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009).

Second, equitable tolling is not warranted where a prior, completely unexhausted petition was dismissed, as is the case here. *See* Ex. 8 at 7; *also see Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 476, 481 (9th Cir. 2001) (once district court determines

5

that habeas petition contains only unexhausted claims, it need not inquire further as to petitioner's intentions). Where the prior dismissed petition was completely unexhausted, the new petition does not relate back. *Rasberry*, 448 F.3d at 1154-55; *Dils v. Small*, 260 F.3d 984, 986-87 (9th Cir. 2001). Accordingly, under Ninth Circuit authority, the time during which Petitioner's first petition was pending in this Court is not equitably tolled.

Nonetheless, Petitioner argues that the nine months his petition was pending in this Court is equivalent to the extraordinary circumstances shown in *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001), *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003), and *Jefferson v. Budge*, 419 F.3d 1013 (9th Cir. 2005). These cases are distinguishable.

In *Roy*, the Ninth Circuit remanded the case for an evidentiary hearing regarding whether the allegations of a deficient prison law library met the extraordinary circumstances required for equitable tolling. 465 F.3d at 974-75. In *Spitsyn*, the court held that equitable tolling applied where an attorney, who was specifically retained to prepare and file a habeas petition, failed to do so, and disregarded requests to return the files pertaining to the petitioner's case until long after the date the petition was due. 345 F.3d at 798, 800. The circumstances pertaining to Petitioner's late-filing are not equivalent to a deficient law library or the attorney's egregious misconduct addressed in *Spitsyn*.

In *Jefferson*, the court held that, when a mixed petition, containing exhausted and unexhausted claims, is dismissed, the petitioner is entitled to equitable tolling from the date the first habeas petition was dismissed until the date the petitioner files his exhausted petition. 419 F.3d at 1017. *Jefferson* does not apply to Petitioner's situation because his petition is not a mixed petition, rather all of the claims in his first petition were unexhausted. Finally, in *Herbst*, the Ninth Circuit held that a district habeas court could not *sua sponte* dismiss a petition on grounds of untimeliness without providing adequate notice of the grounds for equitable as well as statutory tolling. 260 F.3d at 1043-44. *Herbst* does not apply here because the Court did not *sua sponte* dismiss Petitioner's first petition.

Thus, the authority Petitioner presents fails to support his argument that a petition pending

6

nine months in federal court qualifies as the extraordinary circumstances required for equitable tolling. Indeed, the Supreme Court has noted that it is not unusual for a district court to take nine months to rule on a motion to dismiss a habeas petition on procedural grounds. *See Duncan v. Walker*, 533 U.S. 167, 184 (2001) (Stevens, J. concurring) (nine months is the average time district courts take to dismiss federal petitions on procedural grounds). Therefore, this time-frame does not constitute extraordinary circumstances.

Petitioner fails to acknowledge that his initial 132-day delay in filing his first habeas petition in state Superior Court and his failure to exhaust the claims in his first federal petition caused him to miss the one-year deadline. Even if Petitioner was unaware of the requirement of properly exhausting his claims when he first filed his federal petition, he became aware of this requirement after Respondent moved to dismiss the first petition for lack of exhaustion on April 6, 2012. At that point, Petitioner had used only 260 days of AEDPA's 365-day statute of limitations and he could have returned immediately to state court to exhaust his claims and re-filed his federal petition within the one-year time limit. Instead, Petitioner chose to stay in federal court and pursue a procedurally improper summary judgment motion. *See* Ex. 8 at 8.

Based on the above, equitable tolling does not apply because Petitioner has failed to carry his burden of showing that extraordinary circumstances prevented the timely filing of his petition. Accordingly, Respondent's motion to dismiss based on untimeliness is GRANTED.

### III.   Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed

7

at the district court's procedural holding." *Id.* at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484; *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  *Slack*, 529 U.S. at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue.  *See id.*

The Court concludes that jurists of reason would not find it debatable whether Petitioner's petition was untimely.  Accordingly, a COA is DENIED.

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Respondent's motion to dismiss the petition for a writ of habeas corpus is GRANTED, and this action is DISMISSED with prejudice.  Docket no. 5.

2. Petitioner's motions to withdraw the second claim in his petition and for a ruling on his petition are granted.  Docket Nos. 7 and 9.

2. The Court DENIES a COA.

3. The Clerk of the Court shall substitute Jeffrey Beard, Secretary of the California Department Corrections and Rehabilitation, as Respondent pursuant to 28 U.S.C. § 2254, Rule 2(a).

4. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

5. This Order terminates Docket Nos. 5, 7 and 9.

IT IS SO ORDERED.

DATED:  March 4, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

8